UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BAY DIVISION

SEAN MAHAFFEY,

    Plaintiff,

vs.                                                    CASE NO.:

PREMIER AIR, INC. a Florida
Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SEAN MAHAFFEY ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, PREMIER AIR, INC., ("Defendant") and in support thereof states as follows:

## NATURE OF ACTION

1. This action is brought under 38 U.S.C. §4301-33, Uniformed Services Employment and Reemployment Rights Act (hereinafter USERRA).

2. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 38 U.S.C. §4323(b).

3. Defendant, PREMIER AIR, INC., is a Florida Profit Corporation that operates and conducts business in Martin County, Florida and is therefore, within the jurisdiction of this Court.

## PARTIES

4. Plaintiff is an adult individual who resides in Vero Beach County, Florida.

5. Defendant, PREMIER AIR, INC. is and was at all relevant times operating in Martin County, Florida and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

6. Defendant, PREMIER AIR, INC. was at all relevant times, Plaintiff's employer pursuant to USERRA, employed in Martin County, Florida and within the jurisdiction of this Court. Therefore, venue is proper in this Court.

7. Defendant, PREMIER AIR, INC. was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Martin County, Florida.

9. The illegal conduct complained of, and the resultant injury occurred within the judicial district in and for Martin County, Florida.

10. Venue is appropriate in the West Palm Beach Division of the United States District Court for the Southern District of Florida pursuant to 38 U.S.C. § 4323(c)(2).

11. Defendant was Plaintiff's employer. Plaintiff is a member of a protected class because he engaged in protected activity under USERRA.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed as a Crew Compliance Manager with the Defendant from August 24, 2021, until his termination on October 11, 2022.

13. On October 9, 2022, one of Defendant's pilots, Tim Doub, informed Plaintiff that he could not fly that weekend due to his military orders.

14. Plaintiff then informed the Defendant's Vice President, Jeff Lee, of the pilot's military orders.

15. On October 10, 2022, Mr. Lee instructed Plaintiff to change the pilot's schedule from ten days on and six days off, to fifteen days on and only eight days off. Notably, if a pilot is scheduled fifteen days on, they are then scheduled for thirteen days off.

16. On October 10, 2022, the pilot responded that he believed Defendant was retaliating against him in violation of Uniformed Services Employment and Reemployment Rights Act ("USERRA").

17. Plaintiff agreed with the pilot and complained to Mr. Lee that Defendant was violating USERRA.

18. At the time, Mr. Lee immediately disregarded Plaintiff's concerns.

19. As such, Plaintiff complained to Human Resources, Miriam Bolk, regarding Mr. Lee's unlawful and retaliatory directives.

20. Nonetheless, the following day Defendant terminated Plaintiff's employment.

21. On October 11, 2022, Plaintiff was called into a meeting with Mr. Lee,

who proceeded to terminate Plaintiff's employment.

22. Plaintiff was shocked by the Defendant's abrupt decision and asked why. At the time, Mr. Lee wasn't able to provide a specific reasoning.

23. Defendant has willfully discriminated against Plaintiff due to engaging in protected activity under USERRA.

24. Plaintiff has lost wages and other economic benefits as a direct and proximate result of Defendant's discriminatory actions.

## COUNT I
## VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

25. Plaintiff re-alleges and adopts paragraphs 1-24, as though set forth fully herein.

26. Defendant is an employer as that term is used under the applicable statutes referenced above. Plaintiff is covered by USERRA because an employer may not retaliate against anyone assisting in the enforcement of USERRA rights.

27. The foregoing allegations establish a cause of action for unlawful discrimination, retaliation and hostile work environment based on Plaintiff's complaints of Defendant's violation of USERRA as detailed above

28. Defendant discriminated against, retaliated against, and created a hostile work environment against Plaintiff due to his complaints of Defendant's violation of USERRA.

29. Plaintiff maintains that complaints of Defendant's violation of USERRA were a motivating factor in Defendant's decision to discriminate and retaliate against Plaintiff as detailed in part above.

30. Defendant's conduct as alleged in this complaint constitutes an unlawful employment practice in violation of USERRA.

31. The forgoing unlawful actions by Defendant were willful or in reckless disregard to the tenets of USERRA.

32. Plaintiff is a member of a protected class based on his complaints of Defendant's violations of USERRA and participation in an investigation/inquiry regarding a covered service member's rights under USERRA. There is thus a causal connection between his complaints against Mr. Lee for his violations of USERRA and the adverse action taken within a day of his complaints regarding a covered service member's rights under USERRA.

33. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF FLORIDA'S PRIVATE SECTOR WHISTLE-BLOWER ACT, FLA STAT §448.102**

34. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 24 above, as if fully set forth herein.

35. Florida Statute §448.102(3) expressly provides that an employer may not take any retaliatory action against an employee because the employee has: "objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation."

36. At all times material to this action, Plaintiff was an employee of Defendant within the meaning of Florida Statutes §448.101.

37. At all times material to this action, Defendant was an "employer" within the meaning of Florida Statutes §448.101(3) and regularly employed more than ten (10) persons.

38. Defendant violated Florida Statutes §448.102(3) by taking retaliatory and adverse personnel actions against Plaintiff because of his complaints, objections and/or refusal to participate in the unlawful activities of Defendant which he reasonably and in good faith believed to be violations and/or were actual violations

of various Florida and Federal laws, including, but not limited to USERRA. Due to the close temporal proximity between Plaintiff's complaints/objections to Defendants' illegal activities there is a sufficient causal connection between such complaints/objections to the illegal activities of Defendants and the adverse employment actions taken against Plaintiff by Defendants.

39. Defendant and/or its agents, managers, and supervisors actively and knowingly participated in the retaliatory actions taken against Plaintiff having actual knowledge and/or constructive knowledge of the wrongfulness of their conduct and the high probability that injury and/or damage to Plaintiff would result, and/or acted with such reckless disregard for, or with an absence of reasonable care, as to constitute a conscious disregard for, or indifference to, Plaintiff's statutorily protected rights, and/or acted with such gross negligence that Defendant contributed to Plaintiff's damages, injuries, and losses.

40. As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, lost wages, back pay, front pay, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, severe emotional distress, humiliation, and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

PLAINTIFF hereby demands a jury trial for all issues.

Dated this 28th day of August, 2024.

/s/ GREGORY R. SCHMITZ
Gregory R. Schmitz, Esq.
Florida Bar No.: 77476
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1500
Orlando, FL 32802
Telephone: (407) 428-6241
Fax:         (407) 245-3342
Email: gschmitz@forthepeople.com
         mbarreiro@forthepeople.com
*Attorney for Plaintiff*